| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. |

| | |
|---|---|
| NEW MILLENNIUM BUILDING SYSTEMS, LLC | ) ) ) |
| *Plaintiff* | ) |
| v. | ) ) |
| ACCELERATED CONSTRUCTION & METAL, LLC | ) ) ) |
| *Defendant* | ) |

# COMPLAINT

Plaintiff, New Millennium Building Systems, LLC ("NMBS"), by counsel, respectfully submits its Complaint against the Defendant, Accelerated Construction & Metal, LLC ("ACM"), a California corporation, and in support thereof, states as follows:

**Facts Common to All Counts**

1. NMBS is an Indiana limited liability company, with its principal office located at 7575 W. Jefferson Boulevard, Fort Wayne, Indiana 46804.

2. ACM is, upon information and belief, a California limited liability company, with its principal office located at 2548 Paulson Road, Suite A, Turlock, California 95380.

3. NMBS is a manufacturer and supplier of steel joists and deck.

4. This matter arises out of an Agreement dated May 23, 2023 by NMBS and between ACM for the sale of steel deck and joists from NMBS, for a project located in Roseville, California (the "Project"), which Agreement is attached hereto as **Exhibit A** and incorporated herein (the "Agreement"). The Agreement number was 4623-0001.

5. The Agreement included General Sale Terms and Conditions, all of which are also

set forth on pages 1-7 of **Exhibit A** ("Terms and Conditions").

6. Venue and jurisdiction are proper in this Court pursuant to the parties' Agreement, as set forth in the attached **Exhibit A**, which precludes any party from asserting defenses of forum non conveniens.

7. More specifically, Paragraph 17 of the Terms and Conditions contained choice of law, jurisdiction, and venue provisions. **Exhibit A**, p. 6, ¶ 17. Pursuant to Paragraph 17, ACM agreed to the exclusive jurisdiction of the state or federal courts in Allen County/Fort Wayne, Indiana.

8. NMBS supplied steel deck and joists at ACM's request.

9. ACM has an unpaid account with NMBS pursuant to the invoices attached hereto as **Exhibit B** in the amount of One Million Two Hundred Ninety Thousand Three Hundred Twenty-Nine Dollars and 69/100 ($1,290,329.69).

10. ACM has failed to pay amounts due and owing to NMBS.

## Count I – Breach of Contract

11. NMBS incorporates by reference paragraphs 1-10 above as if fully set forth herein.

12. In accordance with the Agreement, the parties agreed that NMBS would supply its steel decking and joists ("Product") and be paid the price agreed upon by ACM and as set forth in the Agreement.

13. Pursuant to the parties Agreement, ACM agreed to pay the invoiced amount in full and without setoff or defense within thirty (30) days of the date of the invoice.

14. NMBS delivered the product to ACM as agreed between the parties, including attempts to repair any and all defects.

15. ACM has failed to pay amounts due and owing.

16. ACM breached the parties' Agreement.

17. The parties' Terms and Conditions provide for the payment of attorney fees incurred as a result of collection efforts which have been and will continue to be incurred.

18. ACM is liable for all reasonable fees owed by NMBS arising from ACM's delinquent payments.

WHEREFORE, NMBS respectfully requests that the Court enter judgment in its favor in the amount of its actual damages, plus prejudgment and post-judgment interest, attorney fees, and costs of collection, and that NMBS have all other relief just and proper in the premises.

## Count II – Unjust Enrichment

### (in the alternative)

19. NMBS incorporates by reference paragraphs 1-10 above as if fully set forth herein.

20. NMBS conferred a measurable benefit on ACM, *i.e.*, delivery of the Product.

21. ACM expressly or impliedly requested the Product from NMBS.

22. ACM failed to pay NMBS for the Product.

23. ACM has been unjustly enriched at the expense of NMBS.

WHEREFORE, NMBS respectfully requests that the Court enter judgment in its favor in the amount of its actual damages, plus prejudgment and post-judgment interest, and that NMBS have all other relief just and proper in the premises.

**Respectfully submitted,**

**HALLERCOLVIN PC**
**ATTORNEYS FOR PLAINTIFF**
**444 EAST MAIN STREET**
**FORT WAYNE, INDIANA 46802**
**TELEPHONE: (260) 426-0444**
**FAX: (260) 422-0274**
**EMAIL: kmitchell@hallercolvin.com**
**EMAIL: lswanson@hallercolvin.com**

**BY: /s/ *Kevin J. Mitchell***
**KEVIN J. MITCHELL, #27258-02**
**LINDSEY C. SWANSON, #29507-02**