UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NEW MILLENNIUM BUILDING SYSTEMS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 1:25-cv-00130-CCB-SLC ) |
| ACCELERATED CONSTRUCTION & METAL LLC, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

On March 24, 2025, Defendant removed this action to federal court from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendant's allegations in the notice of remove about the parties' citizenships are inadequate to establish diversity jurisdiction. The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Defendant alleges that its "membership is exclusively domiciled within California (ECF 1 ¶ 14), while Plaintiff's "membership is entirely domiciled outside the state of California" (ECF 1 ¶ 13). But the Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). Further, for any member who is an

unincorporated association such as an LLC or partnership, Defendant must trace such member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with the other party. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Also, Defendant premises its allegations about Plaintiff's citizenship "[u]pon information and belief . . . ." (ECF 1 ¶ 13). But "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Here, Defendant has not yet done so. Consequently, Defendant is AFFORDED to and including April 16, 2025, to file a supplemental jurisdiction statement that adequately alleges the parties' citizenships.

SO ORDERED.

Entered this 2nd day of April 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge