UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NEW MILLENNIUM BUILDING SYSTEMS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 1:25-cv-00130-CCB-SLC ) |
| ACCELERATED CONSTRUCTION & METAL LLC, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

On April 2, 2025, the Court ordered Defendant to file a supplemental jurisdictional statement in an effort to establish diversity jurisdiction. (ECF 8). Defendant has now filed the statement (ECF 10), but it is still deficient.

To explain, Defendant states that Plaintiff is a "wholly owned subsidiary of Steel Dynamics Columbus, LLC which . . . is wholly owned by Steel Dynamics, Enterprises, Inc. . . ." (ECF 10 at 1). The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the identity and citizenship of each *member* of an LLC for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). If Plaintiff has just one member, then Defendant must say so and identify that member and its citizenship.

Defendant needs to do the same for its own citizenship. Stating that Defendant is "wholly owned by the B & C Elliott 2000 Revocable Trust (the 'Trust')" and that "the Trust's trustees

and beneficiaries are all residents of the State of California" is insufficient. (ECF 10 at 2 (bold emphasis omitted)). If the Trust is the only member of Defendant, then Defendant needs to say so. Further, the statement fails to state what type of trust the Trust is. If it is a "traditional" trust—that being a "'fiduciary relationship' between multiple people"—the trust's citizenship is determined by the citizenship of its trustee(s). *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (citation omitted); *see also Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *4900 Morse Land Tr. v. Occidental Petrol. Corp.*, No. 2:23-cv-40-PPS-JPK, 2023 WL 1990076, at *5 (N.D. Ind. Feb. 14, 2023). On the other hand, if it is a "business" trust, its citizenship is that of the trust's members or beneficiaries. *See Occidental Petrol. Corp.*, 2023 WL 1990076, at *4-5. Defendant must identify each trustee, member, or beneficiary, as appropriate, by name and set forth their citizenship.

As a final matter, the state in which an individual maintains a residence is irrelevant for diversity jurisdiction purposes. (*See* ECF 10 at 2). "[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). While an individual's residence and domicile often align, it is possible they may not. *See Schuld v. Thodos*, No. 21-cv-1807, 2022 WL 888870, at *6 (N.D. Ill. Mar. 25, 2022) ("A person has only one domicile, and it isn't necessarily where that person might reside." (citations omitted)); *see also Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[N]atural persons are typically a citizen of the state in which they reside or—*to be more precise—are 'domiciled*.'" (emphasis added) (citations

2

omitted)).

Defendant is AFFORDED to and including April 23, 2025, to file a second supplemental jurisdiction statement that adequately alleges the parties' citizenships.

SO ORDERED.

Entered this 16th day of April 2025.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge