UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NEW MILLENNIUM BUILDING SYSTEMS LLC, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) No. 1:25-cv-00130-CCB-ALT ) |
| ACCELERATED CONSTRUCTION & METAL LLC, | ) ) ) |
| Defendant/Counter-Claimant. | ) |

**OPINION AND ORDER**

Before the Court is the parties' joint stipulation and agreed protective order (ECF 43), which the Court deems to be a motion for entry of the stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is inadequate in several aspects, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).[1] A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Here, because the proposed order is not clearly limited to the exchange of discovery between the parties and seems to contemplate the filing of "Confidential Materials" under seal (ECF 43 ¶ 14), the proposed order requires a higher level of scrutiny.

order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

The proposed order submitted by the parties seeks to protect "confidential and/or proprietary information, including but not limited to confidential[,] financial[,] and commercial information, trade secrets, or other information the disclosure of which may cause harm to said [p]arty[.]" (ECF 43 at 1; *see also id.* ¶¶ 2.A, 3). This language creates an overly broad protective order right from the outset, given that it fails to identify narrowly demarcated categories of confidential information and limit the protection to such categories. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-CV-365 PPS, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"); *Perry v. Indiana Michigan Power Co.*, No. 1:07-CV-244, 2007 WL 3232094, at *1 n.1 (N.D. Ind. Oct. 30, 2007) ("The phrase 'including, but not limited to' is a 'fudge' that compounds the vagueness of the definition and expands its boundaries even further." (citation omitted)).

Next, the proposed order permits disclosure of "Confidential Material" to counsel, counsel's staff, mediators, and experts, but fails to include the Court and its personnel in this provision. (ECF 43 ¶ 4). Additionally, the proposed order should make clear that the duty to return or destroy "Confidential Materials" after termination of the litigation articulated in paragraph 9 does not apply to the Court or Court personnel. (*Id.* ¶ 9).

2

Finally, the proposed order states that "Confidential Material" "shall be filed in sealed envelopes . . . " but fails to acknowledge that any filings under seal must comply with the requirements of Northern District of Indiana Local Rule 5-3 and General Order 2025-11.

For these reasons, the Court DENIES the motion for entry of the proposed stipulated protective order without prejudice. (ECF 43). The parties may submit a motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.[2]

SO ORDERED.

Entered this 29th day of January 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[2] For the parties' reference, several magistrate judges in this district have stipulated protective order templates available on their web pages at https://www.innd.uscourts.gov/judges-info.