UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NEW MILLENNIUM BUILDING SYSTEMS LLC, <br><br> Plaintiff, <br><br> v. <br><br> ACCELERATED CONSTRUCTION & METAL LLC, <br><br> Defendant. | Case No. 1:25-CV-130-CCB-ALT |

## OPINION AND ORDER

Before the Court is Plaintiff/Counter Defendant New Millenium Building Systems, LLC's ("NMBS") Motion for Judgment on the Pleadings. (ECF 28). Defendant/Counter Claimant Accelerated Construction and Metal, LLC, ("ACM") opposes this motion, (ECF 32), and seeks leave to file a surreply, (ECF 37). The Court grants ACM leave to file a surreply and denies NMBS's motion.

### I.    RELEVANT BACKGROUND

This is a contract case arising out of an agreement between NMBS and ACM that NMBS would deliver 88 steel joists to ACM and in exchange ACM would pay NMBS $1,290,329.69. On February 21, 2025, NMBS filed a complaint in Indiana state court claiming breach of contract and unjust enrichment against ACM. (ECF 4). ACM removed the case to this Court on March 24, 2025, (ECF 1), and filed an Answer and Counterclaim on April 21, 2025, (ECF 13). NMBS moved for judgment on the pleadings on August 19, 2025. (ECF 28).

The Court begins by summarizing the undisputed facts and highlighting several relevant disputes. NMBS is a manufacturer and supplier of steel joists and deck. (ECF 13 at 1). On May 23, 2023, the parties contracted for NMBS to provide steel joists and decking to ACM for use in a project. (*Id.* at 4). Both parties agree that the contract speaks for itself, (*id.* at 2–4), and that NMBS delivered joists to ACM in late 2024, (*id.* at 8). ACM, the nonmovant, alleges in its counterclaim for breach of contract that the joists supplied by NMBS were defective under the terms of the contract, and that NMBS failed to cure that defect. (*Id.* at 3–4, 8). NMBS denies this. (ECF 21 at 2). NMBS alleges in its complaint that ACM failed to pay for the product NMBS delivered. (ECF 13 at 4–5). ACM denies this. (*Id.*)

II.    ANALYSIS

NMBS seeks judgment on the pleadings. In support, it argues that ACM agreed to pay it the full contract price within 30 days, and that ACM failed to do so. That failure to pay, it contends, is separate and distinct from ACM's claim against NMBS for the alleged defective products. ACM responds first that it denies all allegations of nonpayment in its answer and second that NMBS materially breached the contract and thus cannot enforce it against ACM. NMBS replies that even if ACM did not admit to nonpayment, this Court may still make a legal determination that the contract requires payment. It also contends that ACM does not allege material breach.

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for a

motion for judgment on the pleadings is the same as a motion to dismiss. *Federated Mut. Ins. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020).

"When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). The "moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. The court views all facts and inferences in the light most favorable to the non–moving party. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Courts should not hastily or imprudently grant judgment on the pleadings because policy favors "ensuring . . . each litigant a full and fair hearing on the merits of his or her claim or defense." *Federated Mut. Ins.*, 983 F.3d at 313 (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2002)).

### a. Unpaid Balance

NMBS first argues that it is entitled to judgment on the pleadings because the contract provides for ACM to pay NMBS the contract price within 30 days. In support, it points to contract language explicitly providing that ACM "shall not be allowed retainage" against the full purchase price. (ECF 4-1 ¶ 7). Once ACM accepted the joists, NMBS argues, the contract required it to pay NMBS within 30 days of invoicing and "without setoff or defense." (*Id.* ¶ 7). Thus, NMBS contends, it is entitled to payment in full of the unpaid balance of the contract price.

3

But ACM denies that it has failed to pay NMBS what NMBS is owed. This is a material issue of fact critical to the dispute. To risk stating the obvious, recovery of an unpaid balance requires there be an unpaid balance to recover. Judgment on the pleadings is appropriate only if "it appears beyond doubt that the [nonmovant] cannot prove any facts that would" allow it to prevail. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). Here, the Court need not look far for such doubt. ACM has flatly denied the allegations that it "failed to pay amounts due and owing," that it "has an unpaid account with NMBS," and that it "failed to pay NMBS for the Product." (ECF 13 at 3–5). NMBS attempts to sidestep these denials by arguing that "surely ACM would have asserted an affirmative defense of payment" if there were any factual dispute about payment. (ECF 35 at 3). This argument fails. In effect, NMBS asks the Court to first, draw an inference against ACM, and second, allow that inference to blot out ACM's actual pleadings. Neither would be proper here. *See Alexander*, 994 F.2d at 336; *A.D.E., Inc. v. Louis Joliet Bank & Tr. Co.*, 742 F.2d 395, 396 (7th Cir. 1984) (finding judgment on the pleadings appropriate only if the pleadings themselves "made it a certainty" that the nonmovant was liable). Judgment on the pleadings is thus inappropriate on this basis.

NMBS urges the Court to determine the applicability of the non-retainage clause anyway. It contends that its argument hinges on contract construction, not any question of fact, and notes that construction of contract provisions presents a pure question of law. *See Transamerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir. 1992). But a fact critical to NMBS's argument is that there is a balance owed that has gone unpaid. ACM has

denied this fact. Furthermore, ACM does not dispute, at least at this stage, that the non-retainage clause or any other part of the contract means what NMBS says it means. ACM simply argues that the pleadings alone do not justify an order directing it to pay the unpaid balance because the pleadings do not establish that there is an unpaid balance. The Court agrees. Thus, there is no contract construction question presented here. The Court will not issue an advisory opinion resolving questions of construction not properly before it. *See In re Chi., Rock Island & Pac. RR. Co.*, 772 F.2d 299, 303 (7th Cir. 1985) ("It is an elementary maxim of our legal system that a court decides only the case before it, and can not render advisory opinions disposing of other issues not presented for decision.").

### b. Material Breach

NMBS also argues that ACM may not rely on its counterclaim to escape judgment on the pleadings because the counterclaim alleges a distinct warranty claim. ACM responds that it has plausibly counterclaimed material breach of contract, and therefore NMBS cannot enforce the contract against ACM.

Both parties agree that the substantive law of Indiana applies to this case. It is well-established in Indiana that when a "party to a contract commits the first material breach of that contract, it cannot seek to enforce provisions of the contract against the other party if that other party breaches the contract at a later date." *TKG Assocs. LLC v. MBG Monmouth, LLC*, 259 N.E.3d 306, 316 (Ind. Ct. App. 2025) (quoting *A House Mechanics, Inc. v. Massey*, 124 N.E.3d 1257, 1262 (Ind. Ct. App. 2019)). Whether breach is

material "is generally a question of fact to be decided by the trier of fact." *Collins v. McKinney*, 871 N.E.2d 363, 375 (Ind. Ct. App. 2007).

ACM asserts, and NMBS does not contest, that the contract is silent on material breach. When material breach is not addressed by the contract, Indiana courts will look to a range of factors, including

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
>
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; [and]
>
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*TKG Assocs.*, 259 N.E.3d at 316. To be material, a breach must "go[] to the heart of the contract." *State v. Int'l Bus. Machines Corp.*, 51 N.E.3d 150, 158–59 (Ind. 2016).

NMBS argues that ACM does not effectively counterclaim material breach because it is undisputed that the joists were delivered. Instead, NMBS contends, ACM objects to the workmanship of the joists, giving rise to a warranty claim instead of a claim for material breach. Though "closely related," a breach-of-warranty claim and a breach-of-contract claim are "not identical." *Nelson v. Marchand*, 691 N.E.2d 1264, 1271 n.8 (Ind. Ct. App. 1998). In another case, this Court has explained that "a contract might

consist of the promise to build a home, and the warranty could consist of the promise to perform the other promise in a workmanlike manner." *Martin v. Thor Motor Coach Inc.*, 602 F. Supp. 3d 1087, 1095 (N.D. Ind. 2022). Here, ACM argues not that NMBS failed to perform the contract in a "workmanlike" manner, but that NMBS failed to perform the contract at all when it delivered joists coated in the wrong primer. (ECF 13 at 8). This deviation from the contract terms, ACM contends, is not poor workmanship but failure to perform. Furthermore, ACM alleges that it provided reasonable notice for NMBS to cure the nonconforming goods, and NMBS failed to do so. (ECF 13 at 7).

Adopting the Court's metaphor in *Martin v. Thor Motor Coach*, NMBS replies that ACM's claims are more analogous to failing to build a house in a workmanlike manner than failing to build a house at all. Applying the wrong primer, it contends, is like a contractor using the wrong shade of paint in a house it constructed: a minimal deviation, not material breach. ACM responds that the contract specified a particular primer, and NMBS's use of a different primer, along with its failure to apply any primer to some sections of the joists, goes to the "heart of the contract" because the joists delivered were not the joists it contracted for. *Int'l Bus. Machines Corp.*, 51 N.E.33d at 158–59. In support, it points to its allegations that the contract specified industry-compliant primer, NMBS applied noncompliant primer, and the noncompliant primer caused the joists to be rejected by the owner of the project. (ECF 13 at 7–8).

For this Court to issue judgment on the pleadings, it must be certain as a matter of law that ACM cannot prevail. ACM has alleged facts that plausibly suggest NMBS's failure to apply compliant primer was no *de minimis* wrong-shade-of-paint error but a

7

breach at the heart of the bargain, rendering the delivered joists nonconforming and leading to their rejection by ACM's customer. Thus, ACM plausibly counterclaims material breach. Whether ACM can prove its case is a matter for summary judgment or trial, but it has certainly done enough to escape judgment on the pleadings.

### c. Motion for Leave to File Surreply

ACM seeks leave to file a surreply, which NMBS opposes as an attempt to rehash already-raised arguments. (ECF 37; ECF 39). In its motion for leave, ACM identifies NMBS's wrong-paint metaphor and its argument about the affirmative defenses ACM did not raise as new arguments raised by NMBS to which it is entitled to reply. The first of these "arguments" is dubious support for a surreply. The second, though, is reasonable. ACM's motion for leave to file a surreply is granted. The Court also considers NMBS's arguments on the merits that it raises in its brief opposing leave.

### III.    CONCLUSION

For these reasons, the Court **GRANTS** ACM's motion for leave to file surreply, (ECF 37), and **DENIES** NMBS's motion for judgment on the pleadings, (ECF 28).


SO ORDERED on March 24, 2026.


> /s/ *Cristal C. Brisco*
> CRISTAL C. BRISCO, JUDGE
> UNITED STATES DISTRICT COURT

8